UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Granulated Sugar Antitrust Litigation | MDL No. 24-3110 (JWB/DTS)<br><br>**PRETRIAL ORDER NO. 4:** Appointment of Plaintiffs' and Defendants' Steering Committees and Co-Lead Counsel, Delegating Authority to Select Liaison Counsel and Specialized Rules, Establishing Common Benefit Fund, and Setting Deadlines for Consolidated Amended Complaint and Response |

Multiple motions for Interim Leadership Counsel and applications for membership to the Plaintiffs' and Defendants' Steering Committees have been submitted. A status conference was held on October 28, 2024. After reviewing all applications, submissions, and relevant criteria, and consistent with the statements made at the status conference, Leadership Counsel for the Plaintiffs' Steering Committee ("PSC"), Defendants' Steering Committee ("DSC"), and Plaintiff Subgroup Committees' Leadership Counsel are appointed for the Granulated Sugar Antitrust Litigation as detailed in this Order.

In selecting the Steering Committee Members, each firm's and each designated attorney's experience, skill, resources, and demonstrated ability to collaborate effectively within a large multidistrict litigation were considered, as well as the requirements set forth in Fed. R. Civ. P. 23(g) and relevant case law. On Plaintiffs' side, Subgroup Committee Leaders have also been appointed. This Order serves to document the various firm and attorney appointments and to underscore that the leadership structure ensures the

PSC remains the central authority over case strategies and major decisions in this litigation. To uphold centralized leadership, subgroup roles will serve in an advisory capacity only, without independent decision-making power, so that all critical decisions affecting the litigation remain with the PSC as a whole.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. **Appointment of Defendants' Steering Committee, Liaison Counsel, and Lead Counsel**

The following attorneys are appointed to serve on the Defendants' Steering Committee, representing each of the Defendant entities involved in this MDL. Appointments are for a one-year term, and each appointee must reapply annually to continue serving on the DSC.

**Defendants' Steering Committee – 4 Members**

| Defendant | Counsel | Firm | Role |
|---|---|---|---|
| United Sugar Producers & Refiners Cooperative | Lawrence E. Buterman | Latham & Watkins LLP | Defendants' Lead Counsel and Liaison Counsel |
| ASR Group International, Inc., American Sugar Refining, Inc., and Domino Foods, Inc. | Djordje Petkoski | Allen Overy Shearman Sterling US LLP | DSC Member |
| Cargill, Incorporated | Kosta Stojilkovic | Wilkinson Stekloff LLP | DSC Member |
| Michigan Sugar Company | Vanessa G. Jacobsen | Eimer Stahl LLP | DSC Member |

The DSC shall oversee and coordinate the defense strategy on behalf of all Defendants, ensuring consistency in positions on legal issues, discovery, and pretrial

matters. Lawrence E. Buterman of Latham & Watkins LLP is appointed as Liaison Counsel and Defendants' Lead Counsel. The DSC shall be responsible for centralized filings, joint motions, discovery management, and periodic reports to the Court. Other duties and responsibilities of the DSC are explained in Pretrial Order No. 3 (Doc. No. 193) and not restated here. To the extent the DSC seeks to amend its duties and responsibilities, it must submit recommendations and a proposed Order to the Court.

2.   **Appointment of Plaintiffs' Steering Committee and Liaison Counsel**

The following attorneys are appointed to serve on the Plaintiffs' Steering Committee to represent the interests of all Plaintiffs in this MDL. Appointments are for a one-year term, are specific to each appointee and not generally to the respective law firms, and each appointee must reapply annually to continue serving on the PSC.

**Plaintiffs' Steering Committee – 7 Members**

| Firm/Attorney | Role | Plaintiff Subgroup |
|---|---|---|
| Gustafson Gluek PLLC (Daniel Gustafson) | PSC Member and Co-Lead for DPP | Direct Purchasers |
| Robins Kaplan LLP (Stacey Slaughter) | PSC Member and Co-Lead for CIPP | Indirect Consumer Purchasers |
| Lowey Dannenberg, P.C. (Peter Barile, III) | PSC Member and Co-Lead for CIPP | Indirect Consumer Purchasers |
| Lockridge Grindal Nauen PLLP (Heidi Silton) | PSC Member and Co-Lead for CIPP-Commercial | Indirect Commercial Purchasers |
| Freed Kanner London & Millen LLC (Kimberly Justice) | PSC Member and Co-Lead for CIPP-Commercial | Indirect Commercial Purchasers |
| Fegan Scott LLC (Elizabeth Fegan) | PSC Member and Co-Lead for CIPP | Indirect Consumer Purchasers |
| Roberts Law Firm US, PC (Michael Roberts) | PSC Member and Co-Lead for DPP | Direct Purchasers |

The PSC shall appoint a Liaison Counsel from among its members to act as the primary contact for communications and coordination with the Defendants' Steering Committee, the Plaintiffs' Steering Committee, Plaintiff Subgroup Committees, and the Court. The PSC Liaison Counsel shall be appointed within 30 days of this Order and included in the next status report to the Court.

The PSC shall be responsible for coordinating and overseeing the activities of Plaintiffs' counsel in all phases of this litigation, including discovery, pretrial motions, periodic reports to the Court, settlement negotiations, and trial preparation. Specialized, liaison, and junior counsel appointed by the PSC shall work under the direction of the PSC and shall be accountable to both the PSC and the Court. Other duties and responsibilities of the PSC are explained in Pretrial Order No. 3 (Doc. No. 193) and not restated here. To the extent the PSC seeks to amend its duties and responsibilities, it must submit recommendations and a proposed Order to the Court.

### 3.  Appointment of Plaintiff Subgroup Committees

The following firms are appointed to serve as Co-Leads on the Plaintiff Subgroup Committees, representing Direct Purchaser Plaintiffs ("DPP"), Indirect Consumer Purchaser Plaintiffs ("CIPP"), and Indirect Commercial Purchaser Plaintiffs ("CIPP-Commercial").

| Plaintiff Subgroup | Firm/Attorney | Role |
|---|---|---|
| Direct Purchaser Plaintiffs ("DPP") | Gustafson Gluek PLLC | Co-Lead Counsel for DPP |
| | Roberts Law Firm US, PC | Co-Lead Counsel for DPP |
| Indirect Consumer Purchaser Plaintiffs ("CIPP") | Robins Kaplan LLP | Co-Lead Counsel for CIPP |
| | Lowey Dannenberg, P.C. | Co-Lead Counsel for CIPP |
| | Fegan Scott LLC | Co-Lead Counsel for CIPP |
| Indirect Commercial Purchaser Plaintiffs ("CIPP-Commercial") | Lockridge Grindal Nauen PLLP | Co-Lead Counsel for CIPP-Commercial |
| | Freed Kanner London & Millen LLC | Co-Lead Counsel for CIPP-Commercial |
| | Larson King LLP | Co-Lead Counsel for CIPP-Commercial |
| | Cuneo Gilbert & LaDuca, LLP | Co-Lead Counsel for CIPP-Commercial |
| | Zimmerman Reed, LLP | Co-Lead Counsel for CIPP-Commercial |
| | Tostrud Law Group, P.C. | Co-Lead Counsel for CIPP-Commercial |

**4. Authority and Oversight Structure for the PSC and Subgroup Leadership**

To ensure the PSC retains ultimate authority and strategic control over the litigation, the Court issues the following guidelines:

- **PSC as the Central Authority**: The PSC has primary authority over all decisions affecting litigation strategy, experts retention, settlement negotiations, and interactions with the DSC. Subgroup Co-Leads provide advisory support specific to their Plaintiffs' interests but must defer to the PSC on all major decisions, including but not limited to the categories enumerated here.

- **Role and Limitations of Subgroup Leadership**: Subgroup Co-Leads in general may manage routine activities for their respective Plaintiff classes, including subgroup-specific discovery and communication with clients and law firms within the subgroup. Subgroups should organize themselves and may appoint roles and committees as appropriate to achieve these purposes. However, subgroups are required to obtain PSC approval for all major strategic decisions, including but not limited to settlement proposals, dispositive motions, and expert witness selection.
- **Designation of PSC Liaison Counsel**: The PSC Liaison Counsel shall be responsible for coordinating all subgroup activities and ensure effective communication with both the DSC, the PSC, and the Court. The Liaison Counsel shall regularly update the Court on the alignment of subgroup activities with case objectives.

5. **Establishment of a Common Benefit Fund and Time and Expense Reporting Requirements**

The PSC must establish a Common Benefit Fund to compensate counsel for work performed that benefits all Plaintiffs in this MDL. The PSC is directed to confer with counsel representing the various Plaintiff classes and submit a recommendation on the percentage of assessment on recoveries to be allocated to the Common Benefit Fund. This recommendation shall be filed with the Court **prior to the January Status Conference**.

All counsel seeking compensation from the Common Benefit Fund must be approved by the PSC. Approved counsel must submit detailed time and expense reports for approved work only on a quarterly basis (January 15th/April 15th/July 15th/October 15th) to document work performed for the common benefit of all Plaintiffs. These reports shall include:

- The nature of the work performed;
- The amount of time spent on each task; and

- Itemized expenses incurred in relation to common benefit work.

The Court will oversee the Common Benefit Fund and approve all payments to counsel for common benefit work, ensuring that such compensation is fair, reasonable, and necessary. The Court may appoint a Special Master or employ other processes to assist. **Prior to the January Status Conference**, the PSC, through the Liaison Counsel, must submit a Proposed Order to the Court setting forth the procedure and timing for submitting counsel expense reports for approval by the Court.

6. **Court Review and Oversight**

The Court reserves the right to review and approve all appointments made by the PSC and DSC for Liaison Counsel, specialized roles, and junior attorney participation to ensure alignment with the efficient and fair management of the litigation.

Both the PSC and the DSC shall provide periodic status reports to the Court every **3 months** (January 15th/April 15th/July 15th/October 15th) or as otherwise directed, detailing progress on case management, discovery, settlement discussions, and any other matters of importance in this litigation.

7. **Annual Reapplication Requirement**

All PSC and DSC appointments are for a **one-year term**. Each attorney/firm must reapply annually to ensure continued dedication, alignment with litigation needs, and adherence to the standards issued by the Court.

8. **Consolidated Complaint**

Plaintiffs must file a Consolidated Complaint **40 days** following the issuance of this Order.

9. **Response to Consolidated Complaint**

Defendants' deadline to answer or otherwise respond to Plaintiffs' Consolidated Complaint is **60 days** following the filing of Plaintiffs' Consolidated Complaint. If a Motion to Dismiss is filed, Opposition briefs are due **30 days** after the filing of the Motion to Dismiss. Reply Briefs are due **15 days** after the filing of an Opposition Brief.

10. **Stay of Discovery**

All discovery shall remain stayed pending the filing of the Consolidated Complaint.

11. **Status Conferences**

Status Conferences will be held monthly with Leadership counsel. The Status Conferences will be held in person in Courtroom 3B (unless another Courtroom is designated), United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota. A Zoom link will be provided for Leadership counsel that do not intend to speak. The parties must submit Joint Proposed Agenda one week prior to the scheduled Status Conference. The following dates are set for Status Conferences, subject to change:

- Monday, December 16, 2024, at 1:00 p.m.
- Monday, January 27, 2025, at 11:00 a.m.
- Monday, February 24, 2025, at 1:00 p.m.
- Monday, March 24, 2025, at 1:00 p.m.
- Monday, April 28, 2025, at 1:00 p.m.
- Monday, May 19, 2025, at 1:00 p.m.
- Monday, June 23, 2025, at 1:00 p.m.
- Monday, July 28, 2025, at 1:00 p.m.
- Monday, August 25, 2025, at 1:00 p.m.
- Monday, September 29, 2025, at 1:00 p.m.

- Monday, October 27, 2025, at 1:00 p.m.
- Monday, November 24, 2025, at 1:00 p.m.
- Monday, December 29, 2025, at 1:00 p.m.

12. **Motions for Leadership**

Based on the rulings above, and for the reasons stated, the pending motions for leadership counsel (Doc. Nos. 20, 133, 166, 174) and the various requests for appointment (Doc. Nos. 202, 203, 205, 208, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239) are **GRANTED IN PART** and **DENIED IN PART**.

13. **Motions to Consolidate and Coordinate Actions**

Based on the rulings made in this Order and in Pretrial Order No. 1, and on the agreement of Plaintiff's counsel, all pending motions in members cases to consolidate and coordinate actions are moot. Accordingly, the following motions are **DENIED AS MOOT**.

| Case Number | Doc. No. |
|---|---|
| 24-959 | 41 |
| 24-966 | 37 |
| 24-970 | 31 |
| 24-1017 | 26 |
| 24-1047 | 21 |
| 24-1106 | 33 |
| 24-1122 | 32 |
| 24-1129 | 28 |
| 24-1232 | 24 |
| 24-1292 | 23 |
| 24-1322 | 18 |
| 24-1370 | 15 |
| 24-1414 | 31 |
| 24-1525 | 17 |

| (continued) Case Number | Doc. No. |
|---|---|
| 24-1560 | 7 |
| 24-1653 | 6 |
| 24-1654 | 12 |
| 24-1812 | 6 |
| 24-1847 | 6 |
| 24-1848 | 5 |
| 24-1859 | 7 |
| 24-1903 | 6 |
| 24-1907 | 6 |
| 24-1913 | 5 |
| 24-1949 | 6 |

Date:   October 30, 2024

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge